1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Calvin HAWK, Plaintiff-Appellant,
v.
Raymond G. TOOMBS; Karen Swann, Defendants-Appellees.
 No. 93-1146.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1993.
 
 Before: GUY and NELSON, Circuit Judges and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Calvin Hawk, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hawk sued the warden and an assistant resident unit manager of the Ionia Correctional Facility in Ionia, Michigan, for allegedly: 1) maintaining cruel and unusual conditions at the Facility; 2) depriving him of his liberty interest in receiving personal toiletries; and 3) violating his equal protection rights in an unspecified manner. Hawk sued the defendants in their individual and official capacities.
 
 
 3
 The parties filed cross-motions for summary judgment. After reviewing the motions, the district court found that there was no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. Hawk filed this timely appeal. He essentially argues that the district court erred in granting summary judgment for the defendants because its legal conclusions are erroneous. He requests oral argument.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, to defeat the motion the non-moving party must present significant probative evidence establishing a genuine issue of material fact. See Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Hawk failed to present any evidence opposing defendants' well-supported motion for summary judgment. Thus, Hawk did not meet his burden of production. See Celotex Corp., 477 U.S. at 324.
 
 
 5
 Hawk claimed that the prison conditions constitute cruel and unusual punishment and, therefore, violate his Eighth Amendment rights. A viable Eighth Amendment claim has both an objective and subjective component. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). The objective component requires the deprivation of the minimal civilized measures of life's necessities. Id. The subjective component provides that the offending, non-penal conduct, must be wanton. Id. at 2326. In a suit challenging general prison conditions, the deliberate indifference standard of care is used to evaluate the subjective component. Id. at 2324-27.
 
 
 6
 The undisputed facts establish that the insects, overflowing toilets, and waste on the cell walls were caused by the prisoners. Once the problems were brought to the attention of prison officials, the conditions were rectified. Furthermore, the odor which Hawk found offensive was from the chemicals the officials used to clean the cell walls. Thus, the facts show that the conditions of the prison did not deprive Hawk of the minimal civilized means of life, nor constitute a deliberate disregard for Hawk's health and safety. Id. Accordingly, the defendants are entitled to summary judgment as a matter of law on these issues. Celotex Corp., 477 U.S. at 324; Anderson, 477 U.S. at 248-50.
 
 
 7
 Furthermore, the defendants did not violate Hawk's protected liberty interest in toiletries. The facts are undisputed that Hawk was provided with all the toiletries that he was entitled to receive under prison regulations. Because he was not deprived of any required toiletries, the defendants did not violate Hawk's liberty interest. Thus, defendants are entitled to summary judgment as a matter of law on this issue. Celotex Corp, 477 U.S. at 324; Anderson, 477 U.S. at 248-50.
 
 
 8
 Finally, Hawk's equal protection argument is without merit. Hawk merely states that the district court incorrectly decided his equal protection claims. However, he does not state the nature of his claim, nor is it apparent from the record. The argument is meritless.
 
 
 9
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.